Marie B. Maurice, Esq. (SBN 258069)
mmaurice@imwlaw.com
Christian A. Abella, Esq. (SBN 336957)
cabella@imwlaw.com
IVIE McNEILL WYATT PURCELL & DIGGS
A Professional Law Corporation
444 South Flower Street, Suite 3200
Los Angeles, California 90071
T: (213) 489-0028/F: (213) 489-0552

Attorneys for Defendant,
**HOME DEPOT U.S.A., INC.**

# UNITED STATES OF DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RONQUILLO, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1-100, inclusive.<br><br>　　　　　Defendants. | Case No.: 2:24-cv-03441-SB-ASx<br>[Complaint Filed: 11/29/23; Hon. Stanley Blumenfeld, Jr.; Trial Date: TBD]<br><br>**DEFENDANT HOME DEPOT, U.S.A, INC.'S ANSWER TO PLAINTIFF FRANCISCO RONQUILLO'S COMPLAINT FOR PERSONAL INJURIES AND DAMAGES; DEMAND FOR JURY TRIAL** |

　　　　Defendant HOME DEPOT U.S.A., INC. ("HOME DEPOT") hereby sets forth the following Answer and Affirmative Defenses to Plaintiff FRANCISCO RONQUILLO'S ("Plaintiff") Complaint for Personal Injuries and Damages ("Complaint") and demands trial by jury. Certain allegations in the Complaint are made as to all Defendants without differentiation or specification as to the extent of

reference to these Defendants or other individual Defendants and/or other parties, persons, or entities. HOME DEPOT denies knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the Complaint to the extent that such allegations refer or relate to parties other than HOME DEPOT, and therefore denies same. Any allegation, averment, contention, or statement in the Complaint not specifically and unequivocally admitted is denied. To the extent the headings and subheadings of the Complaint may be construed as allegations, they are specifically denied. HOME DEPOT responds to each of the paragraphs of the Complaint as follows:

    1.    As to Paragraph 1, this Answering Party admits the allegations.

    2.    As to Paragraph 2, this Answering Party lacks sufficient information or belief upon which to form a belief as to the truth of the allegations.

    3.    As to Paragraph 3, this Answering Party admits it is a business incorporated in Delaware and has its principal place of business in Atlanta, Georgia.

    4.    As to Paragraph 4, this Answering Party lacks sufficient information or belief upon which to form a belief as to the truth of the allegations.

    5.    As to Paragraph 5, this Answering Party lacks sufficient information or belief upon which to form a belief as to the truth of the allegations.

## **FIRST CAUSE OF ACTION – NEGLIGENCE**

    6.    This paragraph incorporates paragraphs 1 through 5 and thus not a material allegation requiring a response.

    7.    As to Paragraph 7, on information and belief, this Answering Party denies the allegations.

    8.    As to Paragraph 8, this Answering Party admits the allegations.

    9.    As to Paragraph 9, this Answering Party lacks sufficient information or belief upon which to form a belief as to the truth of the allegations.

10. As to Paragraph 10, on information and belief, this Answering Party denies the allegations.

11. As to Paragraph 11, on information and belief, this Answering Party denies the allegations.

12. As to Paragraph 12, on information and belief, this Answering Party denies the allegations.

PRAYER FOR RELIEF: This is a prayer for relief and thus not an actual allegation requiring a response.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The Complaint and each and every cause of action therein, is barred because Plaintiff failed to state facts sufficient to constitute any claim for relief against the answering party.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. The Complaint and each and every cause of action therein, is barred by the statute of limitations including, but not limited to, C.C.P. sections 337, 337.1, 337.15, 338(a), 338(b), 338(d), 339, 340(3) and/or 343.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

3. The Complaint and each and each and every cause of action therein, is barred by the equitable doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

(Minor/Trivial Risk)

4. That the alleged condition of the property set forth in the Complaint on file herein constituted merely a minor, trivial or insignificant risk, if any at all, which

did not create a dangerous condition of property, and therefore, Plaintiff is precluded from recovery herein.

### FIFTH AFFIRMATIVE DEFENSE
(Not Reasonable Foreseeable Risk)

5.  The alleged dangerous condition, if any, did not create a reasonably foreseeable risk of the kind of injury, which is alleged to have been incurred.

### SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

6.  This Answering Party alleges that by reason of the acts and omissions of Plaintiff, it is estopped from entitlement to recovery, if any.

### SEVENTH AFFIRMATIVE DEFENSE
(Cause in Fact/Proximate Cause)

7.  No act or omission of this Answering Party or by any person or entity for which this Answering Party may be responsible was the cause in fact or proximate cause of any damages alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE
(Lack of Legal Duty)

8.  The Complaint fails to allege facts sufficient to establish a legal duty on the part of this Answering Party.

### NINTH AFFIRMATIVE DEFENSE
(Percentage of Fault)

9.  The Answering Party's liability for non-economic damages, if any, is limited to that percentage of those damages which are in direct proportion to defendant's percentage of fault in accordance with Civil Code section 1431.2(a).

### TENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

10. Plaintiff cannot recover damages on the Complaint because Plaintiff has failed to act reasonably in attempting to mitigate his claimed harm.

## ELEVENTH AFFIRMATIVE DEFENSE

(Contributory and Comparative Fault)

11.     Any and all injury or damages were caused, in whole or in part, by Plaintiff's own negligence, carelessness, lack of due care and fault, or by the negligence, carelessness, lack of due care and fault, individually and collectively, of agents and/or guardians, excluding this Answering Party.

## TWELFTH AFFIRMATIVE DEFENSE

(Adequate Notice)

12.     This Answering Party sufficiently and adequately warned of a potentially dangerous condition. CACI 1001 and 1003; *Rowland v. Christian* (1968) 69 Cal.2d 108, 119; *Williams v. Carl Karcher Enters., Inc.* (1986) 182 Cal.App.3d 479, 488; *Staats v. Vintner's Golf Club, LLC* (2018) 25 Cal.App.5th 826, 833.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Notice)

13.     That this answering Defendant lacked any notice, either actual or constructive, that the property which is the subject of this suit, and which Plaintiff allege was dangerous and resulted in the alleged damage.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Avoidance)

14.     The damages sustained by Plaintiff, if any, were the result of an unavoidable accident insofar as defendant is concerned, and occurred without any negligence, want of care, default, or other breach of duty to Plaintiff on the part of this Answering Party.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Alleged Harm Not Caused by Answering Party)

15.     Plaintiff cannot recover on the Complaint because, to the extent Plaintiff suffered any damages and/or harm, such damages and/or harm were not caused by this Answering Party but by the acts or omissions of Plaintiffs or others.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

16.     This Answering Party alleges that Plaintiff had knowledge of the risks necessarily incident to matters alleged in the Complaint, and that if Plaintiff had suffered injuries or is/are entitled to any damages as alleged in the Complaint, which is expressly denied, those injuries and/or damages arose from and were caused by said risks knowingly and voluntarily assumed by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Intervening and Superseding Cause)

17.     This Answering Party alleges that the injuries, property damage and damages of which Plaintiff's complain were proximately caused by or contributed to by the acts of other Defendants, persons and/or other entities, and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which Plaintiffs complain, thus barring Plaintiffs from any recovery against this Answering Party.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Reasonable Inspection)

18.     This Answering Party as well as its employees and agents, took all necessary and reasonable actions to protect other parties, including Plaintiff from the risk of damage allegedly created by the condition of the property referred to in Complaint. Furthermore, this Answering Party as well as its employees and agents, took reasonable steps in the inspection and repair of said premises and had no actual or constructive notice of any alleged defects.

## NINETEENTH AFFIRMATIVE DEFENSE

(Reasonable Protections)

19.     This Answering Party, its agents and employees took reasonable action, if any, to protect against the risk of injury allegedly created by the condition referred

to in Plaintiff's Complaint at the time and place of the alleged incident which is the subject of this action.

## TWENTIETH AFFIRMATIVE DEFENSE

(Reservation of Rights)

20.     This Answering Party alleges that it has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may come available or apparent during the discovery proceedings and further reserve the right to amend this answer and defenses accordingly and to delete defenses if determined to be not applicable during the course of discovery and other proceedings in this case.

    WHEREFORE, this Answering Party prays:

1.    That Plaintiff takes nothing by his Complaint;
2.    For cost of suit, including expert fees, incurred; and
3.    For such other and further relief as the court deems just and proper under the circumstances.

Dated: May 2, 2024              **IVIE McNEILL WYATT**
                                **PURCELL & DIGGS**

                        By:     /s/ MARIE MAURICE
                                Marie B. Maurice, Esq.
                                Christian A. Abella, Esq.
                                Attorneys for Defendant,
                                ***HOME DEPOT U.S.A., INC.***

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial of 12 jurors pursuant to Federal Rules of Court, Rule 48.

Dated: May 2, 2024	**IVIE McNEILL WYATT PURCELL & DIGGS**

By: /s/ MARIE MAURICE
Marie B. Maurice, Esq.
Christian A. Abella, Esq.
Attorneys for Defendant,
***HOME DEPOT U.S.A., INC.***

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 3200, Los Angeles, California, 90071.

On **May 2, 2024,** I served the foregoing document described as ***DEFENDANT HOME DEPOT U.S.A, INC.'S ANSWER TO PLAINTIFF FRANCISCO RONQUILLO'S COMPLAINT FOR PERSONAL INJURIES AND DAMAGES; DEMAND FOR JURY TRIAL*** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **ONLY BY ELECTRONIC SERVICE:** Pursuant to CRC Emergency Rule 12, service has been made only by emailing the document(s) listed above to the persons at the e-mail address(es) listed above. This is necessitated during the declared National Emergency due to the global Coronavirus (COVID-19) pandemic because this office is working remotely, and is not able to send physical mail as usual; and is therefore using only electronic mail. No error message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. Propounding party will provide a physical copy, upon request only, when we return to the office at the conclusion of the Global Pandemic.

[ ] **BY FEDERAL EXPRESS/OR OTHER OVERNIGHT DELIVERY**: I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express or other overnight delivery service. Under that practice, it would be picked up by a representative on that same day, in the ordinary course of business and would be delivered the next business day.

[✓] (Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 2, 2024,** Los Angeles, California.

*/s/ Martha Carrillo*
MARTHA CARRILLO

## SERVICE LIST

| Chad E. Irvin, Esq.<br>Kaaveh K. Zargar, Esq.<br>**ZARGAR & IRVIN**<br>4667 MacArthur Blvd., Suite 310<br>Newport Beach, CA 92660<br>Telephone: (949) 868-9474<br>Facsimile: (949) 954-3016<br><br>Email: service@zipilawyers.com | Attorneys for Plaintiff,<br>**FRANCISCO RONQUILLO** |
|---|---|